

**NUMBER 13-11-00328-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                    Appellant,

v.

CLINT SAENZ,                                                            Appellee.

**On appeal from the 28th District Court
of Nueces County, Texas.**

# ORDER

**Before Chief Justice Valdez and Justices Garza and Perkes[1]
Order Per Curiam**

This case is on remand from the Texas Court of Criminal Appeals. Appellee Clint

Saenz was indicted on one count of driving while intoxicated, *see* TEX. PENAL CODE ANN.

---

[1] The Honorable Rose Vela, former Justice of this Court, did not participate in this decision because her term of office expired on December 31, 2012. In accordance with the appellate rules, she was replaced on panel by Justice Gregory T. Perkes. *See* TEX. R. APP. P. 41.1(a).

49.04(a) (West, Westlaw through 2013 3d C.S.), and he moved to suppress evidence of certain oral statements made to police. The trial court granted the motion, and we affirmed. *See State v. Saenz*, No. 13-11-00328-CR, 2012 WL 7783406, at *1–5 (Tex. App.—Corpus Christi Dec. 28, 2012) (mem. op., not designated for publication). The court of criminal appeals reversed and remanded the cause to this Court for abatement to the trial court for more complete findings of fact. *State v. Saenz*, 411 S.W.3d 488, 498 (Tex. Crim. App. 2013).

We then abated the appeal on December 17, 2013, and remanded to the trial court for more complete findings of fact. The trial court issued supplemental findings of fact on January 29, 2014. However, because the supplemental findings did not specifically indicate (1) how long Saenz was in the police car prior to interrogation or (2) whether the officers told Saenz to wait while they continued investigating, we again remanded on February 7, 2014, for additional findings on these specific issues. To that end, the trial court conducted an evidentiary hearing on March 2, 2014, over the State's objection. The trial court then issued its "Second Supplemental Findings of Fact" on March 28, 2014, based on "all the evidence presented."

It is unclear to what extent the trial court considered testimony from the March 2 hearing in making its Second Supplemental Findings of Fact. However, the court of criminal appeals indicated in its opinion in this case that, in making additional findings of fact, the trial court is limited to considering only the evidence adduced at the initial suppression hearing. *Saenz*, 411 S.W.3d at 497 n.6 ("The trial court is, of course, limited to making findings based on the facts that currently appear in the record.") (citing *State v. Elias*, 339 S.W.3d 667, 676–77 (Tex. Crim. App. 2011)). We therefore find that the trial

2

court's Second Supplemental Findings of Fact are inadequate because they were not clearly based only on evidence adduced at the initial suppression hearing.

Accordingly, we again REMAND to the trial court for entry of supplemental findings of fact as to: (1) how long Saenz was in the police car before Officer Sanders began interrogating him; and (2) whether either officer told Saenz to wait in the police car while they continued investigating. In making its findings, the trial court may not consider any evidence other than evidence adduced at the initial suppression hearing. *See Saenz*, 411 S.W.3d at 497 n.6. The trial court shall make its findings, as ordered herein, within FIFTEEN days from the date of this order. Furthermore, the trial court shall cause a supplemental clerk's record to be filed with the Clerk of this Court within THIRTY days from the date of this order.

IT IS SO ORDERED.


PER CURIAM

Delivered and filed the
10th day of April, 2014.